**UNITED STATES of America, Plaintiff—Appellant,**

**v.**

**John C. FITZGERALD, Defendant— Appellee.**

**No. 07–50337.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2008.*

Filed May 16, 2008.

Elissa Hart, Alan Hechtkopf, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellant.

Charles M. Sevilla, Cleary & Sevilla, LLP, San Diego, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, BERZON, and BYBEE, Circuit Judges.

## MEMORANDUM **

The United States appeals the district court's grant of a new trial to John C. Fitzgerald. We affirm.

"[A] court of appeals will only rarely reverse a district judge's grant of a defendant's motion for a new trial, and then only in egregious cases." *United States v. Alston,* 974 F.2d 1206, 1212 (9th Cir.1992); *see also United States v. Kellington,* 217 F.3d 1084, 1094–95 (9th Cir.2000). "Our role is limited to determining whether the district court clearly and manifestly abused its discretion." *Alston,* 974 F.2d at 1212 (quotation marks and alterations omitted).

▋ The district court's conclusion that a new trial was warranted due to the admission of extrinsic evidence concerning Jesse Cota and the Tax People was not a clear and manifest abuse of discretion. Fitzgerald's credibility was of central importance to his defense. The Cota evidence had no direct link to the crime with which Fitzgerald was charged, was admitted without prior notice, and was used to impeach Fitzgerald and two character witnesses. It was particularly powerful because Cota's alleged activities, like Fitzgerald's, concerned tax fraud. "There can be no conviction for guilt by association," *United States v. Garcia,* 151 F.3d 1243, 1246 (9th Cir.1998), but the discussion of Cota's activities and indictment raised that possibility here. *See also* Fed.R.Evid. 404(b). Moreover, the court conducted no analysis during trial under Federal Rule of Evidence 403 to determine if the evidence should have been admitted. In view of these concerns, the court's conclusion, when it revisited the issue after trial, that

the evidence "bore little discern[i]ble relationship to any material point at issue," and created a "real possibility of undue prejudice," was a prudent assessment, as was the court's ultimate determination that it could not be "confident that the extrinsic act evidence did not affect the outcome of the trial."

The jury instructions, which did not mention the Cota evidence, do not alter our analysis. Although the jury was told that Fitzgerald was "on trial only for the crimes charged in the indictment," that admonition did not ensure that the jury would not impermissibly rely on the Cota evidence for credibility purposes as it deliberated on Fitzgerald's alleged crimes. Nor does the fact that the jury was instructed that it "must not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he had a business relationship with another who was guilty of wrongdoing" support reversal. That instruction was given at the conclusion of a series of admonitions concerning Dr. Kawesch, not Cota. The district court's understanding was that it had "fail[ed] to instruct the jury as to the limited purpose of [the] admission of the evidence regarding the allegations of fraud against the Tax People and Jesse Cota." The district court was in the best position to judge the effect and meaning of its own instructions. Its conclusion that the instructions did not cure any prejudice was not an abuse of discretion.

In sum, the district court did not commit an egregious "abuse of discretion"; to the contrary, its decision to grant a new trial was entirely proper.

Because the admission of the Cota evidence sufficiently supports the district court's ruling, we need not separately con-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sider whether there was also a *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), violation. The putative *Brady* evidence at issue has been given to Fitzgerald's counsel and may be used as appropriate in a new trial.

**AFFIRMED.**